STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANNE M. EDWARDS, PLAINTIFF IN ERROR.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the plaintiff in error, *Walter S. Keown.*

For the defendant in error, *Clifford A. Baldwin,* prosecu-
tor, and *Rocco Palese,* assistant prosecutor.

PER CURIAM.

Plaintiff in error was convicted of an abortion and sen-
tenced to imprisonment in the New Jersey state reformatory
for women. Under the writ of error taken by her the judg-
ment is asked to be reversed on a number of identical assign-
ments of error and causes for reversal, to which is added a
cause for reversal that the verdict was against the weight of
the evidence.

The first reason is that the court erred in permitting a
witness for the state to testify that the plaintiff in error lived
in a certain dwelling house in the city of Camden, having
received the information from hearsay sources. It only needs
to be said that the source was the defendant herself, and
the fact was otherwise abundantly proved.

It was next urged that the learned trial judge erroneously
charged the jury as follows:

"It does not have to appear that the defendant actually
had knowledge that she was in that condition. The crime
could not be committed unless it was done by force, by a
person being overcome, by being assaulted or something like
that."

This is not an accurate quotation from the charge, but
two extracts taken from different portions of the charge, in-
volving different propositions of law and might well be dis-
regarded in this review. The first statement, however, is in
strict accord with the decision of this court in *Powe* v. *State,*
48 *N. J. L.* 34, belief that such condition exists being suf-
ficient. The statement that the crime could not be committed
unless done by force, by a person being overcome, by being

assaulted or something like that, in view of what immediately follows would indicate that the report is inaccurate, but even if accurately transcribed, the plaintiff in error could certainly not be harmed as it imposed a greater burden on the state than the law requires. Abortion is a crime whether committed with or without the consent of the subject.

It is next urged that the court illegally charged the jury that—

"One witness who tells the truth may have the burden with him against half a dozen who do not tell the truth. It is not necessarily always the largest number of witnesses who carry the burden of proof."

But we have not been apprised of any reason suggesting illegality and the instruction seems to us to be free from error.

Nor did the court commit error in presenting to the jury this question:

"Has the burden of proof been carried by the state that this woman was in a pregnant condition; that an instrument was used upon her, and as a result of that instrument being used upon her, she suffered a miscarriage?"

That was precisely the question the jury was called upon to solve.

It is next said that the jury falsely and erroneously failed to convict the defendant but instead convicted the complaining witness, and that the court illegally sentenced the defendant although the jury failed to convict the defendant. The judgment record as returned to this court reveals nothing in sustantiation of this assignment, but there is printed in the state of the case a stenographic report of what apparently took place when defendant was sentenced. Her counsel suggested that the verdict had been rendered by the jury as the result of a mistake and the court caused the panel of jurors to be brought into court and they were asked if they had any misunderstanding about who the defendant was and the answer was "no." There was certainly nothing in this to suggest that the verdict had been rendered under any misapprehension.

Finally it is said that the verdict was against the weight of the evidence. Our examination of the record leads us to the conclusion that this assignment is without merit. While the case rested largely on the testimony of Mrs. Sheak upon whom the abortion was committed, it was corroborated by other proofs in the case, and a verdict based thereon does not imply improper motives in the jury.

Finding no error in the record, the judgment is affirmed.